| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

LEONARDO MORAN, §
§
        Plaintiff, §
*versus* §    CIVIL ACTION H-07-582
§
§
HARRIS COUNTY, §
§
        Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

A former employee wanted to be placed in a pool of volunteers. When he was not given a volunteer position, he sued claiming employment discrimination. His claim fails because volunteering is not employment.

2. *Background*

Leonardo Moran, a Mexican American, was a deputy constable for Harris County's Precinct Seven. He patrolled the Glenshire subdivision. When Glenshire did not renew its contract with the precinct, its constable terminated Moran's employment.

The county has a reserve program of unpaid volunteers who have duties similar to actual deputy constables. The county sometimes hires reserve members to be constables.

Moran and an Anglo co-worker were both terminated when the Glenshire contract ended. The co-worker was placed in the reserve program, but Moran was not, despite having asked. He claims this was employment discrimination. 42 U.S.C. § 2000e *et seq* (2004). The county says that Moran failed to apply formally for the reserves while the co-worker already had an application on file.

The county moved to dismiss Moran's suit. Because the volunteer reserve program is not employment, Moran's claims will be dismissed.

3. *Employment.*

Moran cannot sustain an action for employment discrimination because a

volunteer program is not employment. Moran cannot recover unless the county discriminated against him as an employee or applicant for *employment* – compensated work. *See Yowman v. Jefferson County Cmty Supervision & Corrs Dep't*, 370 F. Supp. 2d 568, 589 (E.D. Tex 2005).

The statute circularly defines an employee as someone employed by an employer. 42 U.S.C. § 2000e(f). Courts faced with the real-world task of determining who qualifies as an employee look to see whether the individual receives financial benefits from the entity he claims as employer. *O'Connor v. Davis*, 126 F.3d 112, 116 (2nd Cir. 1997). Most often, the financial benefit is a paycheck, but tuition reimbursement or a retirement pension may also support someone's claim that he is an employee. *See Pietras v. Board of Fire Comm'rs of Farmingville Fire Dist.*, 180 F.3d 468, 473 (2nd Cir. 1999).

Moran argues that he would have received benefits from being a reserve constable. He says that he would have been able to take certification classes at no cost, make connections with local police officers, and get on-the-job experience filling in for actual deputy constables. While these would undoubtably help Moran to be a police officer, he would not have become a county employee simply by receiving them. These are not *financial* benefits. Financial benefits are everything that one could appreciate cost to substitute.

A person may get many benefits from volunteering – social networking, education, and civic engagement often being foremost among them. An employee may also get these benefits. What distinguishes an employee from a volunteer is that in exchange for his labor, an employee is paid – directly or indirectly – money.

Employees expect to get paid. Employment discrimination laws such as Title VII exist to make sure that workers have an opportunity to be employed without considering the arbitrary characteristics of race, ethnicity, religion and sex.

3. *County's Hiring Practices.*

Even if being denied a place in the volunteer pool were actionable, Moran's claims would still fail because he cannot show the county's hiring practices are discriminatory. Since Moran was denied a place in the pool, it has hired constables – including a Mexican-American – who were *not* reserve members.

Additionally, Moran cannot overcome the same-actor inference. May Walker was the constable who hired him and was the constable when he was rejected for the reserve pool. It is highly unlikely that the same woman who hired him would then turn around

and discriminate against him for something that has not changed – his ethnicity.  *See Brown v. CSC Logic, Inc.*, 82 F.3d 651, 658 (5th Cir. 1996).

3.  *Conclusion.*

A volunteer is not an employee.  Moran has no evidence that even suggests that the county discriminated in its hiring practices.

Signed on August 31, 2007, at Houston, Texas.

Lynn N. Hughes
United States District Judge